C.J. Veverka (Bar No. 07110)
cveverka@mabr.com
Kirk R. Harris (Bar No. 10221)
kharris@mabr.com
Mark W. Ford (Bar No. 10629)
mford@mabr.com
**MASCHOFF BRENNAN**
1389 Center Drive, Suite 300
Park City, Utah 84098
Telephone: (435) 252-1360
Facsimile: (435) 252-1361

Nathaniel L. Dilger (*pro hac vice* application forthcoming)
ndilger@onellp.com
Peter R. Afrasiabi (*pro hac vice* application forthcoming)
pafrasiabi@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone: (949) 502-2870
Facsimile: (949) 258-5081

*Attorneys for Plaintiff, CAO GROUP, INC.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CAO GROUP, Inc., a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>SYBRON DENTAL SPECIALTIES, INC., a Delaware corporation, and KERR CORPORATION, a Delaware corporation, KAVO KERR GROUP, LLC, a Delaware limited liability company,<br><br>Defendants. | **COMPLAINT**<br><br>Case No. 2:14-cv-00084-PMW<br><br>Magistrate Judge Paul M. Warner<br><br>**JURY DEMAND** |

Plaintiff CAO Group, Inc. ("CAO") hereby complains and alleges against Defendants Sybron Dental Specialties, Inc. ("Sybron"), Kerr Corporation ("Kerr"), and KaVo Kerr Group, LLC ("KaVo") (collectively, "Defendants") as follows:

## PARTIES

1. Plaintiff CAO is a Utah corporation located at 4628 West Skyhawk Drive, West Jordan, UT 84084.

2. Defendant Sybron is a Delaware corporation with a principal place of business at 1717 West Collins Avenue, Orange, CA 92867.

3. Defendant Kerr is a Delaware corporation with a principal place of business at 1717 West Collins Avenue, Orange, CA 92867.

4. Defendant KaVo Kerr Group, LLC is a Delaware limited liability company with a principal place of business at 2200 Pennsylvania Ave NW, Suite 800 W, Washington, DC 20037.

5. On information and belief, Defendant Kerr is a subsidiary of Defendant Sybron.

6. On information and belief, Defendant Kerr is a brand of Defendant KaVo.

## NATURE OF THE ACTION

7. This is an action for patent infringement arising under the Patent Laws of the United States 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271.

8. On information and belief, Defendants have infringed and continue to infringe, and/or actively induce others to infringe CAO's U.S. Patent Nos. 6,331,111 (the "'111 Patent"), 6,953,340 (the "'340 Patent"), 6,971,875 (the "'875 Patent"), 6,988,891 (the "'891 Patent"), 7,077,648 (the "'648 Patent"), 7,086,858 (the "'858 Patent"), 7,094,054 (the "'054 Patent"), and 6,926,524 (the "'524 Patent") (collectively "the Asserted Patents").

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

10. This Court has personal jurisdiction over Defendant Sybron because, on information and belief, Sybron does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement and/or inducing acts of patent infringement by others in this judicial District and elsewhere in Utah; (ii) regularly conducting business in this State and judicial District; (iii) directing advertising to or soliciting business from persons residing in this state and judicial District through at least in-person sales efforts and maintaining a business entity registration with the State of Utah from as early as May 12, 2011 through at least August 20, 2012; and (iv) engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

11. This Court has personal jurisdiction over Defendant Kerr because, on information and belief, Kerr does and has done substantial business in this judicial District, including: (i) committing acts of patent infringement and/or inducing acts of patent infringement by others in this judicial District and elsewhere in Utah; (ii) regularly conducting business in this State and judicial District and residing in this State as a registered Utah business entity, (iii) directing advertising to or soliciting business from persons residing in this state and judicial District through at least in-person sales efforts and Kerr's interactive and commercial website where the accused product may be purchased, and (iv) engaging in other persistent courses of conduct, and/or deriving substantial revenue from products and/or services provided to persons in this District and State.

12. This Court has personal jurisdiction over Defendant KaVo because, on information and belief, KaVo is a corporate division associated with Sybron and Kerr; Kerr is a brand of KaVo and KaVo is responsible for marketing and sales of Kerr products. Thus, on

information and belief, KaVo is subject to the personal jurisdiction of this court by way of its conducting regular business in this judicial district and in Utah by and for or through Kerr.

13. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**FACTUAL BACKGROUND**

14. Plaintiff CAO designs, develops, manufactures, and markets various products for use in the dental industry, including but not limited to dental curing lights.

15. CAO has sought protection for its technological innovations, which has resulted in numerous issued patents, including the Asserted Patents.

16. The '111 Patent issued on December 18, 2001, and is titled "Curing Light System Useful for Curing Light Activated Composite Materials." CAO is the owner by assignment of the '111 Patent.

17. The '340 Patent issued on October 11, 2005, and is titled "Light for Use in Activating Light-Activated Materials, the Light Having a Detachable Light Module Containing a Heat Sink and a Semiconductor Chip." CAO is the owner by assignment of the '340 Patent.

18. The '875 Patent issued on December 6, 2005, and is titled "Dental Curing Light." CAO is the owner by assignment of the '875 Patent.

19. The '891 Patent issued on January 24, 2006, and is titled "Curing Light." CAO is the owner by assignment of the '891 Patent.

20. The '648 Patent issued on July 18, 2006, and is titled "Curing Light." CAO is the owner by assignment of the '648 Patent.

21. The '858 Patent issued on August 8, 2006, and is titled "Semiconductor Curing Light System Useful for Curing Light Activated Composite Materials." CAO is the owner by assignment of the '858 Patent.

22. The '054 Patent issued on August 22, 2006, and is titled "Dental Curing Light." CAO is the owner by assignment of the '054 Patent.

23. The '524 Patent issued on August 9, 2009, and is titled "Curing Light." CAO is the owner by assignment of the '524 Patent.

24. On information and belief, Defendants develop, market, and/or manufacture a number of products for the dental industry, including dental curing lights that include light emitting diodes.

25. On information and belief, Defendant Kerr purports to be a subsidiary of Defendant Sybron and a manufacturer of dental consumables sold worldwide.

26. On information and belief, Defendant KaVo operates and maintains a website at www.kavokerrgroup.com, where KaVo's products are marketed to consumers worldwide.

27. On information and belief Defendants manufacture and sell the Demi Ultra product (hereafter the "Accused Product").

28. On information and belief, Defendant Kerr operates and maintains a website at www.kerrdental.com where Kerr's products, including the Accused Product, is marketed to consumers worldwide and may be directly purchased online via the www.kerrdental.com website.

29. Instructions regarding how to use the Accused Product are available on the www.kerrdental.com website.

30. On or about November 22, 2006, CAO sent a letter to Defendant Kerr's president, Dr. Edward Shellard. In its letter, CAO identified several of its patents including the '891 and '054 Patents.

## COUNT ONE

**(Infringement of the '111 Patent Against All Defendants – 35 U.S.C. §§ 271 *et seq*.)**

31. Plaintiff reallages and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

32. Defendants have directly infringed and continue to directly infringe at least claim 9 of the '111 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

33. Defendants have induced infringement of and continue to induce infringement of one or more claims of the Asserted Patents by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

- Among other things, Defendants have specifically designed the Accused Product to be used by its customers in a system for dental curing that infringes at least claim 9 of the '111 Patent.

- Defendants have also specifically instructed its customers to use the Accused Product in a manner that infringes at least claim 9 of the '111 Patent. For example, instructions regarding how to use the Accused Products in an infringing manner are available on the www.kerrdental.com website and/or directly from the Defendants.

34. Defendants' actions constitute direct infringement and/or active inducement of infringement of at least claim 9 of the '111 Patent in violation of 35 U.S.C. § 271.

35. CAO has sustained damages and will continue to sustain damages as a result of Defendants' aforesaid acts of infringement.

36. CAO is entitled to recover damages sustained as a result of Defendants wrongful acts in an amount to be proven at trial.

37. Defendants' infringement of the Asserted Patents, including at least claim 9 of the '111 Patent, will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

**COUNT TWO**

**(Infringement of the '340 Patent Against All Defendants – 35 U.S.C. §§ 271 *et seq*.)**

38. Plaintiff reallages and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

39. Defendants have directly infringed and continue to directly infringe at least claim 21 of the '340 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

40. Defendants have induced infringement of and continue to induce infringement of one or more claims of the Asserted Patents by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

- Among other things, Defendants have specifically designed the Accused Product to be used by its customers in a system for dental curing that infringes at least claim 21 of the '340 Patent.

- Defendants have also specifically instructed its customers to use the Accused Product in a manner that infringes at least claim 21 of the '340 Patent. For example, instructions regarding how to use the Accused Products in an infringing manner are available on the www.kerrdental.com website and/or directly from the Defendants.

41. Defendants' actions constitute direct infringement and/or active inducement of infringement of at least claim 21 of the '340 Patent in violation of 35 U.S.C. § 271.

42. CAO has sustained damages and will continue to sustain damages as a result of Defendants' aforesaid acts of infringement.

43. CAO is entitled to recover damages sustained as a result of Defendant' wrongful acts in an amount to be proven at trial.

44. Defendants' infringement of the Asserted Patents, including at least claim 21 of the '340 Patent, will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

### COUNT THREE

**(Infringement of the '875 Patent Against All Defendants – 35 U.S.C. §§ 271 *et seq*.)**

45. Plaintiff reallages and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

46. Defendants have directly infringed and continue to directly infringe at least claim 16 of the '875 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

47. Defendants have induced infringement of and continue to induce infringement of one or more claims of the Asserted Patents by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

- Among other things, Defendants have specifically designed the Accused Product to be used by its customers in a system for dental curing that infringes at least claim 16 of the '875 Patent.
- Defendants have also specifically instructed its customers to use the Accused Product in a manner that infringes at least claim 16 of the '875 Patent. For example, instructions regarding how to use the Accused Products in an infringing

manner are available on the www.kerrdental.com website and/or directly from the Defendants.

48. Defendants' actions constitute direct infringement and/or active inducement of infringement of at least claim 16 of the '875 Patent in violation of 35 U.S.C. § 271.

49. CAO has sustained damages and will continue to sustain damages as a result of Defendants' aforesaid acts of infringement.

50. CAO is entitled to recover damages sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

51. Defendants' infringement of the Asserted Patents, including at least claim 16 of the '875 Patent, will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT FOUR

**(Infringement of the '891 Patent Against All Defendants – 35 U.S.C. §§ 271 *et seq*.)**

52. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

53. Defendants have directly infringed and continue to directly infringe at least claim 11 of the '891 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

54. Defendants have induced infringement of and continue to induce infringement of one or more claims of the Asserted Patents by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

- Among other things, Defendants have specifically designed the Accused Product with full knowledge of the '891 Patent and its applicability to the Accused Product. Defendants have specifically designed the Accused Product to be used

by its customers in a system for dental curing that infringes at least claim 11 of the '891 Patent.

- Defendants have also specifically instructed its customers to so use the Accused Product in a manner that infringes at least claim 11 of the '891 Patent. For example, instructions regarding how to use the Accused Product in an infringing manner are available on the www.kerrdental.com website and/or directly from the Defendants.

55. Defendants have committed the above acts of infringement with full knowledge of the '891 Patent and its applicability to the Accused Product. Defendants' knowledge of the '891 Patent includes at least the following: On or about November 22, 2006, CAO sent a letter to Defendant Kerr's president, Dr. Edward Shellard. In its letter, CAO identified several of its patents, including at least the '891 Patent.

56. Defendants were thus on notice of CAO's intellectual property rights related to Accused Product and, on information and belief, specifically investigated the applicability of those rights (including the rights reflected in the '891 Patent) to the Accused Product. Defendants have not, however, ceased their infringement of the Asserted Patents, including at least claim 11 of the '891 Patent.

57. Defendants' actions constitute direct infringement and/or active inducement of infringement of at least claim 11 of the '891 Patent in violation of 35 U.S.C. § 271.

58. CAO has sustained damages and will continue to sustain damages as a result of Defendants' aforesaid acts of infringement.

59. CAO is entitled to recover damages sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

60. Defendants' infringement of the Asserted Patents, including at least claim 11 of the '891 Patent, will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

61. Defendants' infringement of the '891 Patent amounts to willful infringement entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT FIVE

**(Infringement of the '648 Patent Against All Defendants – 35 U.S.C. §§ 271 *et seq.*)**

62. Plaintiff reallages and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

63. Defendants have directly infringed and continue to directly infringe at least claim 10 of the '648 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

64. Defendants have induced infringement of and continue to induce infringement of one or more claims of the Asserted Patents by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

- Among other things, Defendants have specifically designed the Accused Product to be used by its customers in a system for dental curing that infringes at least claim 10 of the '648 Patent.

- Defendants have also specifically instructed its customers to use the Accused Product in a manner that infringes at least claim 10 of the '648 Patent. For example, instructions regarding how to use the Accused Products in an infringing manner are available on the www.kerrdental.com website and/or directly from the Defendants.

65. Defendants' actions constitute direct infringement, contributory infringement, and/or active inducement of infringement of at least 10 of the '648 Patent in violation of 35 U.S.C. § 271.

66. CAO has sustained damages and will continue to sustain damages as a result of Defendants' aforesaid acts of infringement.

67. CAO is entitled to recover damages sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

68. Defendants' infringement of the Asserted Patents, including at least claim 10 of the '648 Patent, will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

## COUNT SIX

**(Infringement of the '858 Patent Against All Defendants – 35 U.S.C. §§ 271 *et seq*.)**

69. Plaintiff reallages and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

70. Defendants have directly infringed and continue to directly infringe at least claim 2 of the '858 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

71. Defendants have induced infringement of and continue to induce infringement of one or more claims of the Asserted Patents by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

- Among other things, Defendants have specifically designed the Accused Product to be used by its customers in a system for dental curing that infringes at least claim 2 of the '858 Patent.

- Defendants have also specifically instructed its customers to use the Accused Product in a manner that infringes at least claim 2 of the '858 Patent. For example, instructions regarding how to use the Accused Products in an infringing manner are available on the www.kerrdental.com website and/or directly from the Defendants.

72. Defendants' actions constitute direct infringement and/or active inducement of infringement of at least 2 of the '858 Patent in violation of 35 U.S.C. § 271.

73. CAO has sustained damages and will continue to sustain damages as a result of Defendants' aforesaid acts of infringement.

74. CAO is entitled to recover damages sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

75. Defendants' infringement of the Asserted Patents, including at least claim 2 of the '858 Patent, will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

**COUNT SEVEN**

**(Infringement of the '054 Patent Against All Defendants – 35 U.S.C. §§ 271 *et seq*.)**

76. Plaintiff reallages and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

77. Defendants have directly infringed and continue to directly infringe at least claim 1 of the '054 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

78. Defendants have induced infringement of and continue to induce infringement of one or more claims of the Asserted Patents by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

13

- Among other things, Defendants have specifically designed the Accused Product with full knowledge of the '054 Patent and its applicability to the Accused Product. Defendants have specifically designed the Accused Product to be used by its customers in a system for dental curing that infringes at least claim 1 of the '054 Patent.
- Defendants have also specifically instructed its customers to so use the Accused Product in a manner that infringes at least claim 1 of the '054 Patent. For example, instructions regarding how to use the Accused Product in an infringing manner are available on the www.kerrdental.com website and/or directly from the Defendants.

79. Defendants have committed the above acts of infringement with full knowledge of the '054 Patent and its applicability to the Accused Product. Defendants' knowledge of the '054 Patent includes at least the following: On or about November 22, 2006, CAO sent a letter to Defendant Kerr's president, Dr. Edward Shellard. In its letter, CAO identified several of its patents, including at least the '054 Patent.

80. Defendants were thus on notice of CAO's intellectual property rights related to Accused Product and, on information and belief, specifically investigated the applicability of those rights (including the rights reflected in the '054 Patent) to the Accused Product. Defendants have not, however, ceased its infringement of the Asserted Patents, including at least claim 1 of the '054 Patent.

81. Defendants' actions constitute direct infringement, contributory infringement, and/or active inducement of infringement of at least 1 of the '054 Patent in violation of 35 U.S.C. § 271.

82. CAO has sustained damages and will continue to sustain damages as a result of Defendants' aforesaid acts of infringement.

83. CAO is entitled to recover damages sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

84. Defendants' infringement of the Asserted Patents, including at least claim 1 of the '054 Patent, will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

85. Defendants' infringement of the '054 Patent amounts to willful infringement, entitling CAO to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT EIGHT**

**(Infringement of the '524 Patent Against All Defendants – 35 U.S.C. §§ 271 *et seq*.)**

86. Plaintiff realleges and incorporates by reference the above paragraphs of this Complaint, inclusive, as though fully set forth herein.

87. Defendants have directly infringed and continue to directly infringe at least claim 18 of the '524 Patent by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

88. Defendants have induced infringement of and continue to induce infringement of one or more claims of the Asserted Patents by developing, making, using, offering to sell, selling and/or importing, in this District and elsewhere in the United States, the Accused Product.

- Among other things, Defendants have specifically designed the Accused Product to be used by its customers in a system for dental curing that infringes at least claim 18 of the '524 Patent.
- Defendants have also specifically instructed its customers to use the Accused Product in a manner that infringes at least claim 18 of the '524 Patent. For example, instructions regarding how to use the Accused Products in an infringing

15

manner are available on the www.kerrdental.com website and/or directly from the Defendants.

89. Defendants' actions constitute direct infringement, contributory infringement, and/or active inducement of infringement of at least 18 of the '524 Patent in violation of 35 U.S.C. § 271.

90. CAO has sustained damages and will continue to sustain damages as a result of Defendants' aforesaid acts of infringement.

91. CAO is entitled to recover damages sustained as a result of Defendants' wrongful acts in an amount to be proven at trial.

92. Defendants' infringement of the Asserted Patents, including at least claim 18 of the '524 Patent, will continue to damage CAO's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CAO asks this Court to enter judgment in its favor and against Defendants and grant the following relief:

A. An adjudication that Defendants infringe the Asserted Patents and have willfully infringed the '891 and '054 Patents.

B. Orders of this Court temporarily, preliminarily, and permanently enjoining Defendants, their agents, servants, and any and all parties acting in concert with any of them, from directly or indirectly infringing in any manner any of the claims of Asserted Patents pursuant to at least 35 U.S.C. § 283;

C. An award of damages adequate to compensate CAO for Defendants' infringement of the Asserted Patents in an amount to be proven at trial;

D. A finding that this is an exceptional case and an award of Plaintiff's costs and attorney fees;

E. A trebling of the damage award to Plaintiff;

F. An assessment and award of pre- and post-judgment interest on all damages awarded; and

I. Any further relief that this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: February 7, 2014            **MASCHOFF BRENNAN**

By: _____
C.J. Veverka, Esq.
Kirk R. Harris, Esq.
Mark W. Ford, Esq.

*Attorneys for Plaintiff, CAO GROUP, INC.*